## SUPREME COURT.

BAUCUS AND OTHERS Commissioners of Highways, &c. agt. THE ALBANY NORTHERN RAIL ROAD COMPANY.

An injunction will not be granted against a Rail Road Company, restraining a necessary cut and excavation they are making across and through a public highway, in anticipation that the wooden bridge they intend to substitute, will not restore the highway to its former usefulness.

When their work is completed, affirmative proceedings should be instituted if the highway is not thus restored.

At Chambers, March 1853. Motion by the Plaintiffs for an injunction. The plaintiffs, commissioners of highways of the town of Waterford in the county of Saratoga, complained that the defendants are unlawfully engaged in digging a cut and

Commissioners agt. Albany Northern Rail Road Co

excavation for their rail road through and entirely across a much traveled public highway, in the town, and within sixty rods of the village of Waterford, which cut and excavation is partially completed, and is intended to be, when completed, of the width or breadth of about 150 feet, and of the depth of about .28 feet; by reason of such unlawful and wrongful acts of the defendants great injury has been and is being done to said highway, and the same is being rendered unsafe, dangerous and impassable for the travel of persons, teams and vehicles to pass and repass on said highway; and if such excavation is continued, said highway will be rendered entirely impassable.

And further, that this cut and excavation occurs at the base of a high hill, called " Prospect Hill," over which said highway passes; that the overseers of said highway have for some years past, from time to time, caused the summit of said hill in said highway to be lowered and the earth and deposits taken to and deposited at the base of said hill, to improve the grade of the hill; and the highway at this place still needs further improvement in the same manner. That the plaintiffs are informed and believe that 30 feet in width would be entirely sufficient for the purpose of constructing and using said rail road across said highway.

That the plaintiffs are informed by persons engaged in making said excavation that after the same is completed across said highway to the width and depth aforesaid, said defendants intend to make said highway thereat again passable by means of the erection in said highway of a wooden bridge and structure of at least 150 feet in length, the same to become a substitute for the embankment and earth now being removed; which said wooden bridge the plaintiffs charge to be an improper and dangerous substitute for the earth so taken and intended to be taken from said highway, and also wholly inadequate for the purposes of said highway. And such bridge would prevent the further improvement of said highway at the base of said hill, nor will it estore the highway to its former state, nor in a sufficient manner not to have impaired its usefulness.

The plaintiffs ask by way of relief, that said defendants, by the order of this court, may be perpetually restrained from proceed

ing with the making and digging of said excavation and from the removing of the earth of said highway at the place aforesaid to any greater extent than what is actually necessary for the crossing and construction of said rail road, and also from the building of said wooden bridge or structure as herinbefore stated, and that said defendants may be directed and decreed to construct at the intersection of said rail road and highway, a culvert or arch of stone in such manner as shall restore said highway to its former condition, &c.

The complaint was verified and accompanied by an affidavit, of an individual practically acquainted with making cuts and excavations for rail roads, showing that 30 feet in width at the bottom and 85 feet at the surface of said cut was fully sufficient for the construction of the defendants' rail road.

Upon the service of these papers (including the summons) a notice of motion was given for an injunction; which was resisted by affidavits on the part of the defendants, tending to show that the cut and excavation complained of were necessary in the construction of the defendants' rail road, &c.

CHARLES CRAMER, *for Motion.*

O. MEADS, *Opposed.*

HARRIS, Justice.—The plaintiffs ask for an injunction restraining the defendants from excavating the road to any greater extent than is actually necessary for the crossing and construction of their rail road. The affidavits of the engineer and assistant engineer show that this is all the defendants are doing. Of course, no such injunction is necessary. If granted it would avail nothing.

The plaintiffs also ask that the defendants may be restrained from constructing a wooden bridge. It does not appear that this is not the proper mode of restoring the road to its former usefulness. But whether it is or not, this is not the proper mode of enforcing this requirement of the statute. If the defendants, after having made their crossing shall fail to restore the road to its former usefulness, the plaintiffs will be entitled to redress upon instituting affirmative proceedings. Injunction is not the proper remedy, at least not in anticipation of delinquency.